NATIONAL CAPITAL CORPORATION v.
VILLAGE OF INVER GROVE HEIGHTS.

222 N. W. 2d 550.

October 4, 1974—No. 44684.

*LeVander, Gillen, Miller & Magnuson* and *Paul A. Magnuson,* for appellant.

*Lance J. Johnson Law Offices, Ronald London, Briggs & Morgan,* and *John R. Kenefick,* for respondent.

Heard before Rogosheske, MacLaughlin, Yetka, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, National Capital Corporation, sought a writ of mandamus to compel defendant, Village of Inver Grove Heights, to approve a proposed plat for an 80-acre tract of land owned by plaintiff. Plaintiff alleged that the proposed plat complied with all the subdivision ordinance requirements and standards necessary for approval and that, therefore, defendant acted arbitrarily and capriciously in denying approval of the plat. Defendant denied that the plat met all the requirements for approval. The trial court, sitting without a jury, entered judgment for plaintiff, and a writ of mandamus was issued. We reverse.

Plaintiff is a Minnesota business corporation whose main business is the acquisition and sale of real estate. In May 1972, plaintiff purchased the tract of land in question in this case. The land is zoned "agricultural," which means that a single-family

residence can be built only on a tract of land at least 5 acres in size.[1] In August 1972, plaintiff petitioned defendant to rezone the property from "agricultural" to R-1C (single-family residential). Defendant resisted the attempt to have the property rezoned, and plaintiff eventually withdrew its rezoning petition.

Plaintiff subsequently held one or more discussions with Mr. John S. Voss, planning consultant for defendant, and decided to subdivide the 80-acre tract into lots of varying sizes and then group the resulting lots into 16 clusters of 5 acres each. Thereafter, plaintiff submitted a preliminary plat of the property to defendant for its approval. The plat was referred to the village planning commission for its review and recommendation. The plat as submitted showed a total of 131 lots, none of which were 5 acres in size. In addition, the plat showed 16 clusters of lots, which had been drawn on the plat with a felt-tip pen, each cluster purportedly 5 acres in size.

On April 3, 1973, the planning commission held a public hearing on the plat. At the close of the public hearing, the planning commission voted unanimously to recommend that the village council deny plat approval. The plat was considered by the council at its April 23, 1973, regular meeting. At that time the council voted to continue plaintiff's request for plat approval to the next regular meeting to be held on May 14, 1973, in order to allow the village attorney time to prepare a memorandum advising the council regarding approval or disapproval of the proposed plat.

On May 14, 1973, at its regular meeting, the council again took up plaintiff's request for approval of its plat. After discussion and debate concerning several issues, a motion which had been made and seconded to accept the plat was defeated by a vote of 4 to 1.

The issue before us is whether the plat complied in all respects

[1] The zoning ordinance for Inver Grove Heights, Ordinance 19, § XIV, provides that the minimum lot size for any area zoned argicultural is 5 acres. Unless a lot is at least 5 acres in size, no building permit may be issued for construction of a home on that lot.

with defendant's subdivision ordinance so that it was arbitrary and capricious for defendant to deny approval of the plat.

In the past we have considered several cases with similar issues within the context of zoning ordinances rather than subdivision ordinances. In Hay v. Township of Grow, 296 Minn. 1, 5, 206 N. W. 2d 19, 22 (1973), we said:

"It is now settled that where a zoning ordinance specifies standards to apply in determining whether to grant a special-use permit and the applicant fully complies with the specified standards, a denial of the permit is arbitrary as a matter of law."

See, also, Zylka v. City of Crystal, 283 Minn. 192, 167 N. W. 2d 45 (1969); Twin City Red Barn, Inc. v. City of St. Paul, 291 Minn. 548, 192 N. W. 2d 189 (1971); Inland Const. Co. v. City of Bloomington, 292 Minn. 374, 195 N. W. 2d 558 (1972).

So, too, where a subdivision ordinance specifies standards to which a proposed plat must conform, it is arbitrary as a matter of law to deny approval of a plat which complies in all respects with the subdivision ordinance.

Ordinance 27 of the village of Inver Grove Heights, the subdivision ordinance, specifies several standards to which a plat must conform before it can be approved. One of these standards concerns lot size. Section 5(F) provides in relevant part:

"The lot size, width, depth, shape and orientation, and the minimum building setback lines shall be appropriate for the location of the subdivision and for the type of development and use contemplated and in accordance with zoning regulations."

Therefore, because Zoning Ordinance 19, § XIV, requires that all lots in an agricultural zone be at least 5 acres in size, plaintiff's plat would have to be in accordance with that zoning regulation and contain lots at least 5 acres in size before the plat could be approved. However, the evidence conclusively establishes that none of plaintiff's lots, as shown on the plat plaintiff presented for approval, are the requisite 5 acres in size; and that this fact was known to plaintiff. Further, we do not believe that

plaintiff's attempt to establish clusters of lots is sufficient to comply with the 5-acre requirement. Thus, the plat is invalid on its face.

Plaintiff has raised several issues regarding the impropriety of the procedures defendant followed at the council meetings where the proposed plat was considered, including the council's failure to make findings of fact with regard to the plat and the council's failure to notify plaintiff of the action taken on the plat and the reasons therefor. We will not consider those issues because we believe that even if the council did not properly state findings and give reasons for its decision, plaintiff was aware of the 5-acre lot requirement and knew that the lots, as set forth on the plat, did not meet that requirement. Therefore, plaintiff cannot now be heard to argue that because the reasons for denying approval were improperly stated by defendant or were insufficient under the ordinance this court should compel approval of a plat which plaintiff knew to be invalid on its face.

Finally, it appears that any would-be purchaser of one of the lots could be misled by the plat and erroneously conclude that he could construct improvements upon the lot. We do not believe that it is a prudent policy to allow a plat to be recorded which on its face does not conform to the requirements of the subdivision ordinance of a municipality, and we therefore reverse the decision of the trial court.

Reversed.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.