Argued March 24, affirmed May 8, reconsideration denied June 14, 1978, petition for review pending

## CITY OF LAKE OSWEGO, *Appellant,*

*v.*

## GRIMM'S FUEL CO. et al, *Respondents.*

### (No. 77-6-228E, CA 9011)

577 P2d 1360

Lawrence Wm. Jordan, Jr., Lake Oswego, argued the cause and filed the briefs for appellant.

Edwin J. Welsh, Lake Oswego, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a land-use case involving a nonconforming use. Plaintiff City of Lake Oswego (the City) appeals from an order of the trial court granting defendants' motion for summary judgment. We affirm.

Affidavits filed in support of and in opposition to the motion reveal the following uncontradicted facts. Defendants are the owners of an oval-shaped piece of real property which consists primarily of an abandoned rock quarry. In 1947, the City adopted a zoning ordiance which designated the center of a road running east-west as the north-south zoning boundary line between a commercial use district and a residential-use-only district. An undeveloped portion of the right-of-way bisected defendants' property. Thus, the northern half of the defendants' rock quarry was zoned for commercial use, while the southern half was zoned for residential use only. In 1961, the City adopted a new zoning ordinance. It left the zoning classification of defendants' property unchanged. The ordinance also contained a provision relating to nonconforming uses, specifically section 113, which stated:

> "A nonconforming use not involving a structure or one having a structure having an assessed value of less than two hundred dollars ($200) shall be discontinued within two years from the date the provisions of this ordinance have application to the use."

Prior to the adoption of the 1961 ordinance, the defendants were engaged in a business which sold barkdust and sawdust. The defendants stored the barkdust and sawdust in the northern and southern portions of the quarry and operated their business out of buildings located on the rim of the northern portion of the quarry. The business operated by the defendants still exists. However, in 1977, the City filed the present complaint for declaratory judgment against the defendants requesting that the trial judge declare (1) that section 113 of the 1961 ordinance was valid; (2) that defendants' use of the southern portion of their

quarry for storage was not permitted by the residential zoning of that portion of the property and was, therefore, a nonconforming use which did not involve a structure; and (3) that the City could compel the termination of said nonconforming use as an unlawful violation of section 113. Defendants moved for summary judgment with several affidavits in support of their motion. After the City filed counter-affidavits, the trial judge granted defendants' motion and found that section 113 was not being violated by defendants' storage of barkdust and sawdust.

■ We note initially that a trial court can grant a motion for summary judgment only if the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. ORS 18.105(3). Our function on appeal is to examine the record to determine only if there are any triable issues of fact which would preclude summary judgment. *Forest Grove Brick v. Strickland,* 277 Or 81, 84-85, 559 P2d 502 (1977).

On appeal, the City first contends that the trial court erred in finding that the defendants' nonconforming use involved a structure and, therefore, did not fall within the abatement provision of section 113. The City contends that the undeveloped right-of-way which bisected the defendants' quarry was indicative of the fact that the use engaged in within the northern portion of the quarry, where certain buildings are located, was unrelated to and did not support the use engaged in within the southern portion of the quarry. Thus, the City contends, the storage of the barkdust and sawdust on the southern portion of the property was a nonconforming use not involving a structure and was subject to the abatement provision of section 113.

■ We do not accept this contention for two reasons. The affidavits filed by the parties indicate the road referred to by the City is a dedicated but undeveloped

and unimproved street at the bottom of the defendants' quarry which is cut off at its east and west ends by the sheer quarry walls. The road exists, for all practical purposes, only on the City zoning plat map. Under these circumstances, we cannot discern how such an amorphous thoroughfare can serve as the basis of the City's contention that the northern and southern portions of the defendants' quarry are not being utilized in a unitary fashion. Further, it is undisputed that the storage of barkdust and sawdust in the southern portion of defendants' quarry was carried out in connection with the business defendants' operated within the buildings located in the northern portion of the quarry at the time the ordinance in question was adopted. Thus, the mere existence of an undeveloped road separating the two portions of the quarry would not destroy the unitary nature of defendants' nonconforming use therein.

■ The City next contends that the trial court erred in finding that the structures located on the northern portion of defendants' quarry were worth over $200 as required by section 113. Our examination of the affidavits filed reveals that a defendant-owner of the quarry stated that the "buildings which support the single operation of barkdust and sawdust were then and are now of a value greater than $200." None of the other affidavits filed contain information which contradicts this statement of the defendant. The trial court correctly concluded there was no genuine issue of material fact as to the issue of the worth of the structures located on the defendants' quarry and properly held that abatement of the nonconforming use involved with the structures was not required by section 113.

■ Apparently out of an interest that goes beyond this case, the City also contends that the trial court erred in dismissing that portion of plaintiff's complaint that

asked for a declaration of the validity of section 113. The trial court found that section 113 was not applicable to the defendants herein because they were engaged in a nonconforming use involving a structure with a value greater than $200. Consequently, the defendants have no interest, adverse to that of the City's, in having section 113 declared invalid. Absent an adverse interest between the parties, a justiciable controversy no longer exists in this case. *See Oregon Medical Ass'n v. Rawls,* 276 Or 1101, 1107, 557 P2d 664 (1976); *Bell v. City of Corvallis,* 25 Or App 821, 826, 551 P2d 125 (1976). The trial court correctly dismissed this portion of the City's complaint.[1]

Affirmed.

---

[1] Plaintiff, relying on the 1947 ordinance, argues in its brief that the affidavits filed by the defendants do not show that the defendants' use of their property was lawful at the time of the enactment of the 1961 ordinance. We cannot now reach that issue, however, because plaintiff's pleading alleges only that defendants' use does not involve a structure as required by section 113 of the 1961 ordinance—plaintiff does not allege that defendants' use was unlawful at the time of enactment of the ordinances. Matters not within the scope of a pleading cannot be considered by this court on appeal. *See Shannon v. Portland,* 38 Or 382, 394, 62 P 50 (1900).