STATE OF OREGON, *Respondent,*
*v.*
CLIFFORD J. EMMICH, *Appellant.*
(No. 75-84 C, CA 9469)
580 P2d 570

Neal G. Buchanan, Klamath Falls, argued the cause for appellant. On the brief was Richard J. Smith, Klamath Falls.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals his conviction for violation of former ORS 92.325(1) of the Oregon Subdivision Control Law, which provided:

> "No person shall offer any subdivided lands for sale or lease after January 25, 1974, without having complied with all the applicable provisions of ORS 92.305 to 92.495 and 92.820."

The indictment charged that the defendant

> "* * * did unlawfully and knowingly, as subdivider sell subdivided lands to one Lurena D. Carbaugh, located in Township 37 South * * * without having complied with the Oregon Subdivision Control Law as required in Oregon Revised Statutes 92.325(1) in that the said defendant did fail to file a notice of intent to subdivide * * *."

■ Defendant first asserts that he was not subject to a felony sentence as permitted by ORS 92.990(2), which provides for felony or misdemeanor sentencing. Defendant argues that felony punishment is not permitted under the reasoning of *State v. Pierre*, 30 Or App 81, 556 P2d 534 (1977), and the state answers that ORS 161.105(3) allows such a penalty where, as here, culpable mental state was alleged and proved.

We do not reach the issue because the sentence is void. No fine or imprisonment, whether as a felony or a misdemeanor, was imposed. Rather, the defendant was simply placed on "bench" probation for a period of five years.[1] Neither the imposition nor execution of sentence was suspended.

The authority of the court to impose probation is established by ORS 137.010 which requires as a condition of probation that the court suspend the

---

[1] The operative portion of the order in its entirety states:

"IT IS HEREBY ORDERED that the defendant be placed on bench probation for a period of five (5) years, subject to the condition that he violate no local, state or federal laws."

[ 947 ]

imposition or execution of sentence.[2] The sentence order is therefore void and we remand for the entry of a valid judgment order.

■ Defendant also contends that the court erred as a matter of law in finding that defendant's land was one parcel rather then two. Defendant purchased the 2,280 acres in question in 1973 as one parcel of land intersected by a road. Defendant has divided the land on one side of the road into three parts and the land on the other side of the road into two parts.

In order to be a subdivision within the contemplation of the Oregon Subdivision Control Law, there must be a division into at least four parts. Former ORS 92.305(6) (now, in amended form, ORS 92.305(9)), provides:

" 'Subdivided lands' and 'subdivision' mean improved or unimproved land or lands divided or sold under an agreement to be subsequently divided for the purpose of sale or lease, whether immediate or future, into four or more lots or parcels."

Therefore, if defendant's land is one parcel, the five parts are more than the statutory requirement of four; if two parcels, neither has four parts.

---

[2] ORS 137.010 provides in pertinent part:

"(1) The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section unless otherwise specifically provided by law.

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years.

"* * * * *

"(5) When a person is convicted of an offense and the court does not suspend the imposition of execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

(a) A term of imprisonment; or

(b) A fine; or

(c) Both imprisonment and a fine; or

(d) Discharge of the defendant."

The land was purchased as one unit. It was dealt with as a unity by the defendant. The law has held in other land-use contexts that a parcel of land does not lose its unitary character simply by the happenstance of an intersecting boundary line, street or dedicated road. *Cabler v. Alexander et al.*, 111 Or 257, 262, 271, 224 P 1076 (1924); *City of Lake Oswego v. Grimm's Fuel Co.*, 34 Or App 67, 577 P2d 1360 (1978). We are not directed to any case where land was held to be noncontiguous due to separation by anything short of an intervening geographical barrier or parcel of land in separate ownership. Accordingly, we hold that a parcel of land is subject to the Oregon Subdivision Control Law even though intersected by a road and we uphold the trial court's finding.

Defendant also raises a variety of challenges to the validity of the Oregon Subdivision Control Law, none of which have sufficient substance to require discussion.

Remanded for imposition of new sentence.