Argued March 1, affirmed April 23, 1979

STATE OF OREGON, *Respondent,*
*v.*
CLIFFORD EMMICH, *Appellant.*
(No. 75-84C, CA 12133)

593 P2d 1281

Ed L. Howell, Klamath Falls, argued the cause and filed the brief for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant was convicted on stipulated facts of a violation of former ORS 92.325(1)[1] of the Oregon Subdivision Control Law. He first appealed on the claimed grounds that he was not subject to a felony sentence as purportedly authorized by ORS 92.990(2)[2] and that the court erred as a matter of law in finding that his land was one parcel rather than two. *State v. Emmich,* 34 Or App 945, 580 P2d 570 (1978). We rejected the latter contention, but specifically declined to rule on the former because the sentence of five years "bench" probation was void. We remanded for resentencing in accordance with ORS 137.010,[3] which requires as a condition of probation that the court suspend imposition or execution of sentence.

---

[1] Former ORS 92.325(1):

"No person shall offer any subdivided lands for sale or lease after January 25, 1974, without having complied with all the applicable provisions of ORS 92.305 to 92.495 and 92.820."

[2] ORS 92.990(2):

"Any person who violates any of the provisions of subsection (1) of ORS 92.325, ORS 92.345 to 92.365, subsections (1), (2) and (3) of ORS 92.405, ORS 92.425, and 92.445 to 92.475 and any alternative requirements of the commissioner prescribed pursuant to subsection (3) of ORS 92.425, not waived by the commissioner pursuant to ORS 92.395, or who provides false information or omits to state material facts pursuant to ORS 92.337, shall be punished by a fine not exceeding $10,000, or by imprisonment in the penitentiary for a period not exceeding three years, or in the county jail not exceeding one year, or by both such fine and imprisonment."

[3] ORS 137.010 provides in material part:

"(1) The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section unless otherwise specifically provided by law.

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years.

"* * * * *

"(5) When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended

On remand, the circuit court entered an amended judgment suspending imposition of sentence for five years and placing defendant on five years probation, subject to the condition that he violate no local, state or federal laws. Defendant now appeals that amended judgment and argues that "a culpable mental state was not proven in this case and that without such proof, the defendant cannot be found guilty of a crime."

ORS 92.325(1) and 92.990(2) lie outside the Oregon Criminal Code. ORS 92.325(1) does not on its face require proof of a culpable mental state. If those two sections taken together evidenced a clear legislative intent to dispense with any culpable mental state requirement, the offense would be punishable as a strict liability crime. ORS 161.105(1)(b);[4] *State v. Eyerly,* 37 Or App 399, 587 P2d 1039 (1978). The fact that ORS 92.990(2) states that the offense defined by ORS 92.325(1) is punishable as a felony or as a misdemeanor does not by itself establish the requisite legislative intent. *State v. Eyerly, supra.* We find no other evidence of an intent to dispense with proof of a culpable mental state.

In *State v. Eyerly, supra,* we held that an offense defined by a statute or statutes outside the Criminal Code which did not explicitly require a culpable

sentence or probation is revoked, the court shall impose the following sentence:

"(a) A term of imprisonment; or

"(b) A fine; or

"(c) Both imprisonment and a fine; or

d) Discharge of the defendant."

[4] ORS 161.105(1)(b):

"Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

mental element, but which also did not clearly dispense with such a requirement, could be punished as a *violation* without proof of a culpable mental element, so long as all other elements of the offense were proved. Applying that analysis here, defendant was properly convicted of violating ORS 92.325(1), whether or not a culpable mental state was proved. If no culpable mental state was proved, however (and we do not reach the issue of whether it was or not), defendant's sentence would be limited to that authorized for a violation.

Under ORS 137.010, the court can, upon a defendant's conviction of any offense—and the term "offense" includes violations, ORS 161.505—place the defendant on probation for up to five years. The judgment appealed from was, therefore, proper. Because imposition of sentence was suspended, the issue defendant seeks to raise is not presented. If probation is ever revoked and a sentence imposed beyond that authorized for a violation, defendant can then appropriately raise the issue.

Affirmed.