Hillsborough
No. 79-277

EMILEEN ROBILLARD

v.

TOWN OF HUDSON
ZONING BOARD OF ADJUSTMENT

June 25, 1980

*Prunier, Mazerolle & Frasca*, of Nashua (*Gerald R. Prunier* orally), for the plaintiff.

*Smith, Currier, Connor, Wilder & Lieberman*, of Nashua (*Philip R. Currier* orally), for the defendant.

DOUGLAS, J. The question in this case is whether we should uphold a superior court order vacating the Hudson Zoning Board of Adjustment's denial of a variance allowing plaintiff to build a single-family dwelling on a substandard lot.

On January 10, 1967, Robert L. Roy obtained a building permit to construct a duplex house on a tract of land comprised of lots No. 45 and 46 on plan No. 2465 in Hudson. Each lot separately met the zoning requirements for a single-family home but lacked the requisite area and frontage for a duplex house according to the then existing zoning ordinance. Together the two contiguous lots provided a parcel of land with sufficient area and frontage to meet the zoning requirements for a duplex home. The building inspector issued Mr. Roy a permit to build his duplex on the combined lots No. 45 and 46 with the understanding that a combination of the two lots was necessary if a duplex was to be built. The duplex was then constructed within the confines of lot No. 45.

In March of 1967, Hudson amended its zoning ordinance to increase the frontage and area requirements for duplexes and single-family dwellings. As a result neither lot No. 45 nor lot No. 46 met the zoning requirements for a single-family dwelling. The combined lots also became substandard in the area and frontage required for a duplex house. Mr. Roy's duplex, therefore, became a prior, non-conforming use.

In 1968, and again in 1971, the property, consisting of the two

lots and the duplex, was conveyed. In March of 1973, the plaintiff and his wife bought the property. In each conveyance, a single deed separately described the two lots. The lots were never consolidated and they are separately assessed and taxed by the town of Hudson.

In June of 1978, the plaintiff applied to the Hudson Zoning Board of Adjustment for a variance to build a single-family residence on lot No. 46. On June 22, 1978, his request was denied, apparently due to evidence presented by the building inspector in the form of a letter which explained the 1967 "consolidation" of the two lots. The board denied the plaintiff's request for a rehearing, RSA 31:74, and he appealed to the superior court, RSA 31:77. On February 15, 1979, *Contas*, J. found that the zoning board's decision was unjust. He therefore vacated it and granted the plaintiff a variance. All exceptions were reserved and transferred. We overrule the court.

■ The plaintiff contends that in January, 1967, lot No. 46 was a "legal" lot intended for use as a single-family dwelling and to deny such use now is confiscatory and unreasonable. We disagree. The lot was not isolated in March 1967 when Hudson amended its zoning regulations, nor is it isolated today. Neither has it been rendered so devalued by the terms of the ordinance as to constitute a taking. The plaintiff may continue to use it for the purposes normally associated with residential property as his predecessors in title have done.

■ The fact that lot No. 46 was a "legal" lot for a single-family dwelling in January 1967 is immaterial to its status today. Any possible basis for an exception was irrevocably lost when the duplex was constructed on the combined lots. "The owner of separate contiguous lots which are otherwise entitled to an exemption from the more restrictive requirements of an amendment to which such individual lots do not conform may lose his advantage by behavior which results in an abandonment or abolition of the individual lot lines." 2 A. RATHKOPF, THE LAW OF ZONING AND PLANNING § 32.03 at 32-10 (4th ed. 1979).

■■ It seems obvious that in dealing with nonstandard lots, as with the analogous nonconforming use, our point of reference is the effective date of the ordinance. *Giovannucci v. Board of Appeals of Plainville*, 4 Mass. App. Ct. 239, 344 N.E.2d 913 (1976). We consider it controlling that at the time of the adoption of the zoning amendment the two adjacent lots were in common ownership and that Mr. Roy, the plaintiff's predecessor in title,

had treated them as a single parcel of land for purposes of obtaining the 1967 building permit. Any possible exception from the increased area and frontage requirements of the subsequent zoning amendment had expired long before the plaintiff acquired the property in 1973.

■■ The plaintiff next argues that the fact that the lots are separately described in the deed and separately assessed and taxed is conclusive of his right to treat the lots as distinct entities. We do not agree. "[T]he fact that . . . lots are separately assessed and separately taxed is not conclusive in determining whether separate lots . . . constitute one lot for zoning purposes." *Smith v. Zoning Board of Review of the Town of Westerly*, 111 R.I. 359, 368, 302 A.2d 776, 781 (1973). "[S]everal contiguous lots . . . in single ownership . . . may be lumped together and treated as a 'zoning lot . . . .' " *Newport Associates, Inc. v. Solow*, 332 N.Y.S.2d 617, 620 283 N.E.2d 600, 602 (1972); *Heald v. Zoning Board of Appeals of Greenfield*, 387 N.E.2d 170 (Mass. App. Ct. 1979). Whether they should be so treated must be determined on a case-by-case basis. In 1967, when Mr. Roy acted upon the permit to build a duplex house on the combined lots, he effectively erased the individual lot lines. The lots became one "zoning lot" for zoning purposes.

This conclusion in no way disturbs our holding in *Keene v. Town of Meredith*, 119 N.H. 379, 402 A.2d 166 (1979). In that case we held that the plaintiffs could sell one of two lots separated by a road even though both lots were substandard. In *Keene*, however, there was no indication that the plaintiffs had ever treated the two parcels as one "zoning lot." We concluded that "the plain fact of the matter is that [the lots] are indeed individual parcels of land separated by a road and treated by [the plaintiffs and] the town as separate lots." *Id.* at 380, 402 A.2d at 167.

■ The plaintiff further contends that a reasonable person could not anticipate that lot No. 46 was not "legal" because a search of the town's records would not show the prior consolidation of the lots. We disagree. If in 1973, when he purchased the property, the plaintiff had checked the 1967 Hudson zoning ordinance, he would have learned that lot No. 46 was substandard and that the area of the two lots was necessary for the duplex. He would also have learned that even with the two lots combined, the duplex constituted a non-conforming use in 1978 and that to build on lot No. 46 would be an extension of that non-conforming use. We have stated that "the hardship to a property owner justifying invalidation of a zoning ordinance as it affects his premises is not a

hardship which he has himself assumed or induced." *Trottier v. City of Lebanon*, 117 N.H. 148, 151, 370 A.2d 275, 277 (1977), *quoting* 8 E. MCQUILLIN, MUNICIPAL CORPORATIONS § 25.44, at 103 (3rd ed. 1976). "A person is charged with knowledge of the zoning restrictions placed on his property . . . ." *Trottier v. City of Lebanon supra; Hermer v. Dover*, 106 N.H. 534, 536, 215 A.2d 693, 694 (1965).

Because we hold as we do, we do not reach the town's arguments.

*Reversed.*

All concurred.