[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appeal decision of the defendant zoning board of review which denied their application for a regulatory variance. They seek to construct a dwelling house which would cover 24.6 per cent (perhaps 26%) of a lot in an R-10 zone, where 20% is allowed. Setback lines are within the code requirements. Also appealed is the decision of the board which ruled the lot itself had been abandoned before plaintiffs bought it, and so merged with the adjacent lot on which is a dwelling house. So finding, they held this undersized lot (since adoption of the code) is no longer a separate nonconforming lot upon which a house may be built. The latter holding, which was beyond the scope of the application filed, resulted from the board's analysis of the evidence before it which led it to determine that question as decisive of the outcome of the application, rendering moot the request for variance. But it decided the variance question also, to avoid possible future delay should the merger decision be reversed. Plaintiffs objected to the board's consideration of the merger question as not being properly before it. The Court however cannot fault the board's action here; they were being practical.
Before the Court are the certified record on appeal with the board's amended decision, exhibits, transcript of hearing March 27, 1989[1] and memoranda of counsel.
Plaintiffs bought apparently in reliance on a letter dated April 26, 1988 to the sales agent for the property from the Director of Planning, Zoning and Development which stated that a single family dwelling could be built on this property, that the parcel meets the definition of a "Lot" as defined in the code, that the design of the structure be approved by the Historic District Commission and that it meet all requirements of the code. Plaintiffs obtained Historic District Commission approval and proceeded with house plans. Their amended complaint here, paragraph 7(g) asserts the city and the board are estopped from asserting that the lot had merged. The point was not argued and the Court finds it unnecessary to consider it.
The Court has reviewed the entire record, bearing in mind it cannot weigh the evidence nor substitute its judgment for that of the board "if it can conscientiously find substantive evidence in the whole record to support the board's decision." Mendonsa v.Corey, 495 A.2d 257 (R.I. 1985). And the Court also has in mindApostolou v. Genovesi, 120 R.I. 509 which mandates that "substantial evidence" is necessary to support a board's decision.
Addressing first the merger decision, the Court holds the evidence does not rise to the "substantial" level required to support a finding of abandonment. See Town of East Greenwich v.Day, 119 R.I. 1, 375 A.2d 953. No use or combination of uses disclosed in the record establishes intent of the owners to abandon their vested right under statute and code to build on a nonconforming undersized lot. The uses were transient in nature, were all ordinary uses of a vacant piece of land by owner of the lot who lived in the house on the adjacent lot. Those uses did not render the lot subservient in the zoning sense. They did not effectively erase the individual lot lines. Robillard v. HudsonZoning Board, 416 A.2d 1379 (N.H. 1980). The Court holds the lot has not lost its individual character as a nonconforming legal lot. The board's decision should be and hereby is reversed.
Turning now to the denial of the variance, it was plaintiffs' burden to show an adverse effect precluding full enjoyment of the permitted use, amounting to more than a mere inconvenience.Westminster Corp. v. Zoning Board of Providence, 103 R.I. 381
at 389. And, the burden is on the owner to establish the relief sought is minimal to a reasonable enjoyment of the proposed use.Standish-Johnson Co. v. Zoning Board of Review, 103 R.I. 487 at 492. While plaintiffs presented evidence from experts that the proposed dwelling house for which the variance was sought was reasonably necessary for full enjoyment of a permitted use, there is in the record substantial testimony from neighbors which negates plaintiffs' claim that the relief requested is the minimum required. The proposed structure is larger than some eight or nine other houses, on undersized lots, in the immediate vicinity. And that factual testimony amply supports the board's holding. The decision denying the application for variance should be and hereby is affirmed.
Counsel will present a form of judgment for entry as to both decisions.
[1] Decision here was put on hold pending disposition of a suit involving a collateral matter which could have but didn't render this appeal moot. Decision in that case was filed October 23, 1991.