DECISION
This case is before the Court on appeal from a decision of the Town of Narragansett Zoning Board of Review ("Zoning Board") pursuant to § 45-24-20 Rhode Island General Laws 1956 as amended. The matter before the Zoning Board was an appeal from a determination made by the Narragansett Department of Building Inspection (Building Inspector) that the lot in question (hereinafter Lot 374) was not buildable ". . . by a merger by use . . . ." as a result of a paved driveway built partially on Lot 374 and partially on the contiguous Lot 373. There is no issue as to the jurisdiction of the Zoning Board to hear and decide appeals of that nature. § 45-24-19(a).
Before the Court are (i) the certified record on appeal including the Zoning Board's decision, exhibits, transcript of hearings held on July 11, 1992 and on November 7, 1992 and (ii) memorandum of counsel. The Court also has had the benefit of hearing oral argument from counsel.
The Court has reviewed the entire record mindful of its obligation neither to: (1) weigh the evidence nor (2) substitute its judgment for that of the Zoning Board ". . . if it can conscientiously find substantive evidence in the whole record to support . . ." the decision of the Zoning Board. Mendonsa v.Corey, 495 A.2d 257 (R.I. 1985). Indeed, the test as articulated in Apostolou v. Genovesi, 120 R.I. 501, at 509 is ". . . that it requires not `some' or `any' evidence but `substantial' evidence on the whole record to support the Board's finding."
Turning now to the evidence it appears that: (1) on or about November 15, 1961 James and Bertha Martone acquired Lot 373 on Mettatuxet Beach Section Two in Narragansett, Rhode Island; (2) on or about June 1, 1965 James and Bertha Martone acquired the contiguous parcel, Lot 374; (3) on or about November 12, 1986 James conveyed a life estate in all of his right, title and interest in Lot 373 to his son, Richard T. Martone, with the remainder interest to James' wife, Bertha, in fee simple; (4) on or about April 1, 1988 James Martone died; (5) on April 26, 1989 an undated and unacknowledged document in the form of a quitclaim deed in which Richard T. Martone appears as grantor and Bertha Martone appears as grantee was received for record by the Narragansett town clerk purporting to convey Lot 373; (6) on or about July 26, 1989 Richard T. Martone conveyed all of his right, title and interest in Lot 373 to his mother, Bertha Martone, by quitclaim deed; (7) on or about August 16, 1989 Bertha Martone conveyed Lot 373 by warranty deed to Michael and Lisa Schultheiss.
It also is undisputed that at all pertinent times there was a dwelling house situated on Lot 373.
The controversy before the Zoning Board and now before this Court arises from the question whether from usage or otherwise Lots 373 and 374 effectively (for zoning purposes) have become one.
Appellant here argues that a prior version of the Narragansett Zoning Ordinance and its general application prior to the Rhode Island Supreme Court decision in Redman v. Zoningand Platting Board, 491 A.2d 998 (R.I. 1985) created a situation which caused appellant wrongfully to believe that the two lots in fact and in law had become one for zoning purposes. She further argues that following Redman, upon hearing that the two lots still retained their individual and separate status, her husband, to preserve the separate nature of the lots, did what everyone else similarly situated did, i.e., he conveyed one of the two lots to a relative, friend or straw, so as to prevent the doctrine of merger from applying. This Court believes that if all we were concerned with was a strict reading of Section 6.1.4 of the Narragansett Zoning Code, appellant's argument would have merit and would militate for a reversal of the decision below; however, there was substantial evidence before the Zoning Board that (1) a deck had been built onto the dwelling house that comes within three-and-a-half feet of the property line separating Lots 374 and 373 in violation of the ten foot side yard restriction contained in the Zoning Ordinance of the Town of Narragansett without any municipal approval. The testimony was disparate as to when that deck was either constructed or enlarged so as to come within three-and-a-half feet of the property line but the Zoning Board had evidence before it upon which it could have concluded that the deck was built or enlarged subsequent to April 26, 1985, the date of the publication of the decision in Redman. (2) A driveway existing on Lot 373 had been extended onto Lot 374 and had been maintained until shortly after the sale of Lot 373 hereinbefore referred to. This driveway serviced the home situated on Lot 373. Following the sale by appellant to the Schultheisses referred to above that driveway was, at least as to its incursion onto Lot 374, torn up. (3) Other uses of Lot 374 adjunct to the use of Lot 373 as a homesite had from time to time occurred, including without limiting the generality of the foregoing, cutting the lawn, parking of vehicles on the lot, having picnics, maintaining garbage cans, using the site for a doghouse and other uses incident to the use of Lot 373 as the Martone's home.
If the decision of the Zoning Board here is to be upheld it must, in the opinion of this Court, be predicated upon the invocation of the doctrine of merger by use. The parties would seem to agree that there are no Rhode Island reported cases dealing with this doctrine and that its application here is a case of first impression in our courts. Appellee cites a number of cases from various jurisdictions as the genesis of the doctrine it would have the Court apply to the facts here. Specifically appellee refers to the case of Robillard v. Town ofHudson Zoning Board of Adjustment, 416 A.2d 1379 (N.H. 1980) as the case which most directly and squarely deals with the concept of merger by use. Predicated upon its reading of that case and the other cases cited the Court finds that the isolated and transitory uses to which Lot 374 was put while it was in common, or more or less common, ownership with Lot 373 are insignificant and thus should not form the basis of a finding by the Narragansett Zoning Board of Review that in fact there had been a merger by use of the two lots; however, this bald proposition of law is not dispositive of the matter before the Court. The Court believes that transitory uses such as cutting of the lawn, parking of vehicles from time to time on the lot, the use of the lot for the purpose of having picnics and as a site for the storage of garbage cans, et cetera represent only transitory uses from which no legal significance is to be inferred. Uses of that nature in the opinion of this Court substantially differ from more permanent and perhaps more visible uses of Lot 374 such as (1) extending the blacktop driveway from Lot 373 onto Lot 374 (for whatever purpose) and (2) maintaining or enlarging a so-called deck on the house located on Lot 373 so as to have it come within three-and-a-half feet of the common lot line between the two lots in violation of the Ordinance mandated ten foot side yard setback. These later two (2) events in the opinion of the Court evidence an intent on the part of the landowner to treat the lots as one.
Appellant would argue that the Town is estopped from relying on the deck's juxtaposition to the common property line because the Town wrongly had led the property owners to believe that Lots 373 and 374 were merged by operation of law (all, of course, prior to the Redman decision). This Court has found no overt act by the Town upon which it believes that the doctrine of estoppel can be invoked by appellant so as to preclude the Town from relying on that particular activity as justification for finding a merger by use.
Accordingly the Court finds there was substantive evidence before the Zoning Board upon which its decision was based so as to justify its decision predicated upon the doctrine of merger by use. The Court will not (and cannot) substitute its judgment for that of the Zoning Board.
Predicated upon all of the foregoing the decision of the Zoning Board is sustained; the appeal by appellant is denied. Appellee may present an appropriate order.