DECISION
Before this Court is an appeal from a decision of the North Providence Zoning Board of Review (Board). Marc and Constance Zaccagnini (plaintiffs) seek a reversal of the Board's June 23, 1995 decision granting Joda Properties, Inc. (defendant) a variance from the Town's minimum lot size requirements. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Statement of Facts
The plaintiffs are owners of a certain parcel of real estate described as lot number six on Assessor's Plat nine located on Greenville Avenue in the Town of North Providence. This parcel abuts the defendant's property, which is also situated on Greenville Avenue and is designated as lot number four on Assessor's Plat nine. These lots are located in a Residence General District. Both parcels are 7,500 square feet in size, 500 square feet below the present minimum lot size requirements of 8,000 square feet.[1]
Plaintiffs and defendant purchased their respective lots in 1995 from the same sellers, Anthony and Flora Carbone, with the intention of using their lots for a single-family dwelling. The plaintiffs' lot was purchased with a single-family home already constructed on the premises. The defendant's abutting lot, however, does not have a single-family home but an in-ground pool constructed on the property. The defendant wants to remove the pool and build a single-family home in its place. The plaintiffs object to the removal of the pool, noting that the cement wall and apron surrounding the pool encroaches approximately two feet onto their property. The plaintiffs further indicate that the electrical system supporting the filter and the lighting of the pool area is controlled from within their home.
On April 20, 1995, the defendant filed an application for relief from Article II section 201 of the North Providence Zoning Ordinance's minimum-lot-size requirement, seeking permission to construct a single-family dwelling. On June 15, 1995, a hearing was held before the Board regarding defendant's application. The Board heard testimony from seven area residents, including the plaintiffs, who opposed the granting of the variance to the defendant. Most of the protestants expressed concern about congestion and overcrowding in their neighborhood. (See
Transcript p. 21-28, 30-31, 33.) Another objector indicated that there are parking problems in this area. (Transcript, p. 37)
On June 23, 1995, after considering the testimony and evidence before it, the Board unanimously voted five to zero to grant the defendant's application for relief. The Board issued a written decision finding that the defendant's proposed use would be compatible with neighboring land uses. (Decision, June 23, 1995) The Board further concluded that the proposed use would not be contrary to the public interest. Id. The application was granted with the restriction that the defendant's property always remain a single-family dwelling. Id.
From the Board's decision, the plaintiffs filed the instant appeal. The plaintiffs allege that the Board's decision was in contravention of governing law and did not take into consideration the facts introduced during the hearing by the plaintiff and plaintiffs' counsel opposing the defendant's petition. Plaintiffs contend that their lot and the defendant's lot have merged by operation of law and through merger by use.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Jurisdiction/Service of Process
The defendant zoning board and defendant Joda both claim this matter should be dismissed due to the failure of the plaintiffs to file a timely appeal to Superior Court and failure to perfect service of process on the individual members of the Zoning Board of Review.
The facts indicate that plaintiffs filed an original complaint in the Superior Court on July 10, 1995, within the time limits set forth in G.L. 1956 § 45-24-69 (1991 Reenactment) and pursuant to Article X, section 1002 of the Town's zoning ordinance. Plaintiffs failed to name Joda Properties as a defendant in the first complaint and subsequently amended their complaint on July 21, 1995.
The record indicates that plaintiffs mailed a copy of the complaint to the attorney for the Zoning Board of Review, John R. Cosentino. The record further suggests that the defendants moved to dismiss this matter. The motion to dismiss was heard and denied on October 31, 1995. Thus this issue has been adjudicated.Salvadore v. Major Electric Supply, Inc., 469 A.2d 353 (R.I. 1983).
To the extent the issue of lack of service of process has not been addressed, this matter is resolved by resorting to Rules 80 and 5 of the Superior Court Rules of Civil Procedure. Rule 80 provides that in actions for review by the Superior Court of any administrative action, proceeding shall be instituted by the filing of a complaint. The manner of service upon the governmental agency, board or commission, is governed by Rule 5(b) which allows for service by mail upon the attorney. Thus the court is satisfied this matter is properly before the Superior Court.
Merger
The Rhode Island Supreme Court has noted that the concept of merger "generally requires the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum-square-footage requirement of a particular zoned district." R.J.E.P. Associates at 355. The Town of North Providence in its zoning ordinance provides for merger. Paragraphs three and four of Article IV Section 413 of the North Providence Zoning Ordinance entitled "Substandard Lots of Record," adopted on December 6, 1994, states:
"In all zoning districts where adjacent lots which are smaller than the minimum area and width required by this ordinance, which were lots of record on the effective date of this amendment, are held under the same ownership, they shall be combined to form a lot which meets the minimum requirements of the zoning district where such lots are located.
Notwithstanding any provisions of this ordinance to the contrary, a lot of record which was conforming at the time of the passage of this ordinance and would be rendered nonconforming by the provisions of this ordinance, need not be combined with contiguous land and shall continue to be considered conforming. The intensity regulations existing immediately prior to the passage of this ordinance shall govern such a lot." Id.[2]
The plaintiffs claim that pursuant to the above-cited provisions and the facts demonstrated at the hearing, the plaintiffs' and defendant's lots have merged. The plaintiffs note that Mr. and Mrs. Carbone owned both plaintiffs' and defendant's lots in common ownership for over sixteen years prior to selling them to the respective parties on February 22, 1995. The plaintiffs maintain that the Carbones clearly owned these lots in common ownership during the adoption of the 1987 and subsequent 1994 zoning ordinances. Moreover, the plaintiffs explain that there is no question that the 7,500 square foot lots are and have been undersized since the 1987 zoning ordinance changed the allowable minimum legal lot size to 8,000 square feet. Therefore, the plaintiffs contend that pursuant to the Town's merger provision, these lots must be combined to form a lot which meets the minimum requirements of the zoning district.
The plaintiffs further argue that the facts demonstrate that the Carbones intended to merge both lots for common use as one large lot. They claim that the Carbones clearly used and maintained the defendant's lot and pool as part of the dwelling site that is now owned by plaintiffs. The plaintiffs note that not only does the pool and apron encroach onto their property, but the electrical system supporting the filter and lighting of the pool area is also located within their residence.
The defendant argues that the merger of lots four and six was not required because on December 6, 1994, the date of passage of the current zoning ordinance, the two lots were not held under the same ownership. On September 12, 1994, the defendant and the Carbones had entered into and signed a purchase and sale agreement regarding lot number four. The defendant contends that this agreement gave it equitable ownership in lot four, making the Town's merger provision inapplicable.
This Court finds that for zoning purposes, the lots in question were in common ownership on December 6, 1994. It is indisputable that the Carbones were in possession and held legal title to the two lots on this date. In Rustigian v. Celona,478 A.2d 187, 191 (R.I. 1984), the Rhode Island Supreme Court, relying on Butler v. Thompson, 92 U.S. 412, 414-415 (1875), found that a sale does not occur until the deed is executed. Furthermore, the defendant here only received conditional equitable ownership after signing the purchase and sale agreement. The September 12, 1994 agreement was explicitly conditional stating in Paragraph 27 that
 "the buyer [defendant] and seller [Carbones] agree that this closing will not take place until the seller's home on 71 Greenville Avenue, North Providence, Rhode Island is sold and successfully closed . . . Subject to the buyer obtaining a building permit for a single family home. If it becomes necessary the seller agrees to apply for a building permit for a single family home and the buyer agrees to pay all expenses." (See Defendant's Exhibit.)
For these reasons, this Court concludes the two lots were in common ownership on December 6, 1994, and that the merger provision is applicable.
The defendant next argues that the exception to the merger provision, stated in paragraph four of section 413, applies to the instant matter. However, the facts of record indicate that the defendant cannot qualify for the exception. The defendant neither owned a lot of record which was conforming at the time of passage of the December 6, 1994 ordinance, nor was the property rendered nonconforming by the 1994 ordinance. The defendant's lot was rendered a legal nonconforming lot by the July 16, 1987 North Providence Zoning Ordinance, which changed the minimum legal lot size to 8,000 square feet.[3]
Furthermore, case law in Rhode Island notes that:
 "Merger provisions frequently contain exceptions whereby a lot that is smaller than the minimum zoning requirements will be exempted from the merger rule if it was a lot of record prior to the effective date of the zoning ordinance. Such an exception allows the landowner to develop a substandard lot only if the lot remains isolated and was under single ownership at the time the ordinance was adopted. However, if the landowner owns any adjacent lots that, if combined, would satisfy he square-footage requirements, then the landowner is not entitled to the exception. The landowner therefore must merge the lots to form a single parcel of land that will meet the area requirements." R.J.E.P. Associates at 356. See also Brum v. Conley, 572 A.2d 1332, 1335-1336 (R.I. 1990); Skelley v. Zoning Board of Review, 569 A.2d 1054, 1056-1057 (R.I. 1990).
Accordingly, defendant here is not entitled to the exception. The defendant's lot was not isolated. It was under single ownership at the time the Town ordinance was adopted, adjacent to what is now the plaintiffs' lot, which, if combined with that lot, formed a parcel of land that met the area square footage requirements.
The defendant further argues that pursuant to section 413, for merger to be required, the lots must be not only smaller than the minimum area requirements of the town zoning ordinance, but also smaller than the width requirements of the ordinance. The defendant explains that while its lot is smaller than the minimum area requirements of the ordinance, its lot is measured 75 feet by 100 feet, well over the minimum 70-foot width needed to trigger the merger provision.
The North Providence Zoning Ordinance contains inconsistent provisions with respect to definition of "Substandard Lots of Record." Section 413 entitled "Substandard Lots of Record" states "in all zoning districts where adjacent lots which are smaller than the minimum area and width . . ." However, the definitional sections of Article XIII of the North Providence Zoning Ordinance and R.I.G.L § 45-24-31(59) define "Substandard Lot of Record" as "any lot lawfully existing at the time of adoption or amendment of a zoning ordinance and not in conformance with dimensional and/or area provisions of that ordinance." Id. To apply the interpretation of "Substandard Lots of Record" in section 413 in accordance with the definition of "Substandard Lot of Record" in Article XIII of the Town ordinance and Rhode Island General Laws creates an absurd result. "It is a well-settled principle in this jurisdiction that the rules of statutory construction apply equally to the construction of an ordinance." Mongony v.Bevilacqua, 432 A.2d 661, 663 (R.I. 1981). (quoting Town ofWarren v. Frost, 111 R.I. 217, 222, 301 A.2d 572, 573 (1973)) This Court, in accordance with Article XIII of the North Providence Zoning Ordinance and R.I.G.L. § 45-24-31(59), construes a "Substandard Lot of Record" to be a lot lawfully existing at the time of adoption of a zoning ordinance and not in conformance with dimensional and/or area provisions of that ordinance. Accordingly, merger applies in this case.
Additionally, the plaintiffs argued that there was merger by use of the two lots. The concept of merger by use is a fairly new doctrine, and there are no reported Rhode Island Supreme Court cases dealing with this issue. However, the Superior Court in a similar case, Martone v. Zoning Board of Review of the Town ofNarragansett, No. 92-144, Slip Op. at 153 (R.I., filed Feb. 7, 1995), applied the merger by use doctrine to a deck which was constructed within three and one-half feet of a common lot line between two adjoining lots, and an extension of a driveway on one lot crossed the boundary line onto the other lot. In that action, this Court cited the New Hampshire Supreme Court case Robillardv. Town of Hudson Zoning Board of Adjustment, 416 A.2d 1379 (N.H. 1980), which dealt with the concept of merger by use. That Court explained:
 We consider it controlling that at the time of the adoption of the zoning amendment the two adjacent lots were in common ownership and that . . . the plaintiff's predecessor in title, had treated them as a single parcel of land for purposes of obtaining the 1967 building permit." Id. at 1381.
The record in the instant matter demonstrates that the Carbones used the defendant's lot and pool as part of their dwelling site. The record shows that not only does the cement apron surrounding the pool encroach onto the plaintiffs' lot, but the electrical system supporting the filter and lighting of the pool is controlled from within the plaintiffs' home. Additionally, access to the patio surrounding the pool is from a gate situated on plaintiff's lot, and there is an extended portion of a driveway on defendant's lot servicing the plaintiffs' lot.
Moreover, the Town ordinance itself supports a finding that the two lots were being used as one. Article III Section 304 of the North Providence Zoning Ordinance states that no swimming pool shall be allowed except as an "accessory use." Article XIII of the Town ordinance defines "accessory use" as "a use of land or of a building, or portion thereof, customarily incidental and subordinate to the principal use of the land or building. An accessory use may be restricted to the same lot as the principal use. An accessory use shall not be permitted without the principal use to which it is related." Id.[4] It is indisputable that defendant's swimming pool is an accessory use. This means it cannot exist without a principal use, which in this case is the plaintiffs' dwelling house. Therefore, there does exist substantial evidence in the record of merger by use.
Furthermore, the Board found the fact that the Carbones paid two separate tax bills was evidence that these were two separate lots. (Transcript p. 15-16). This Court finds that determination to constitute an error of law. The Rhode Island Supreme Court has held "the fact . . . lots are separately assessed and separately taxed is not conclusive in determining whether separate lots . . . constitute one lot for zoning purposes." Smith v.Zoning Board of Review of the Town of Westerly, 111 R.I. 359, 368, 302 A.2d 776, 781 (1973).
The record reveals that the defendant petitioned the Board for a variance. Since this Court finds that the lots in question have merged, the more proper relief would have been to apply to the Town Planning Board for permission to subdivide the lots.[5] See Sawyer v. Cozolino, 595 A.2d 242 (R.I. 1991). InRozes v. Smith, 120 R.I. 515, 388 A.2d 816 (1978), the Rhode Island Supreme Court decided that zoning area relief cannot be used to subdivide land.
Clearly, the defendant's application for a variance was not properly before the Board. Section 25 of the North Providence Land Development and Subdivision Regulations states:
 "Where an applicant required a variance from the zoning ordinance and Planning Board, approval, the applicant shall first obtain an advisory recommendation from the Planning Board, as well as conditional Planning Board approval for the first approval stage for the proposed project, then obtain conditional Zoning Board relief, then return to the Planning Board for subsequent required approval(s)." Id.
The record shows that the defendant did not do this.
After a review of the entire record, this Court finds that the decision of the Board granting the defendant a variance from the Town's minimum-lot-size requirements is clearly erroneous in view of the reliable, substantial, and probative evidence, and that substantial rights of the plaintiffs have been prejudiced. Accordingly, the decision of the North Providence Zoning Board of Review must be and is reversed.
Counsel shall submit the appropriate judgment for entry.
[1] The plaintiffs' and defendant's lots met the minimum lot size requirement until 1987, when the minimum lot size changed from 6,000 square feet to 8,000 square feet pursuant to the 1987 town ordinance.
[2] Paragraph three of section 413 is substantially similar to paragraph four of Article II section three of the North Providence Zoning Ordinance adopted in 1987 and subsequently replaced by the 1994 ordinance. Paragraph four of section 413 is identical to paragraph five of section three in the 1987 ordinance.
[3] "Nonconformance" is defined as "a building, structure, or parcel of land, or use thereof, lawfully existing at the time of the adoption or amendment of a zoning ordinance and not in conformity with the provisions of that ordinance or amendment." Article XIII of the North Providence Zoning Ordinance; R.I.G.L.45-21-31(49).
[4] Article 15 of the 1987 North Providence Zoning Ordinance defines "accessory use" as "any use which is auxiliary to another use on the same premises." Id.
[5] "Subdivision" is defined as "the division or re-division of a lot, tract or parcel into two or more lots, tracts, or parcels . . ." Section I, Article B, North Providence And Development and Subdivision Regulations. (Adopted December 11, 1995.)