## TWIN CITY RED BARN, INC. v. CITY OF ST. PAUL.

192 N. W. (2d) 189.

November 19, 1971—No. 43020.

*Daniel A. Klas,* Corporation Counsel, and *Paul F. McCloskey, Jr.,* Assistant Corporation Counsel, for appellant.

*Meier, Kennedy & Quinn* and *Timothy P. Quinn,* for respondent.

PER CURIAM.

Appeal from a summary judgment annulling the denial by the city council of the city of St. Paul of an application by plaintiff, Twin City Red Barn, Inc., for a special-use permit for the construction of a 30-car parking lot to be used in connection with a restaurant on commercially-zoned property and reserving to the court jurisdiction to implement the rights of the parties if necessary. It is contended that the administrative discretion of the municipality in denying the permit was lawfully exercised and that the trial court was in error in setting aside its denial.

We are at a disadvantage in reviewing the issue because of the amorphous character of the record. The opposition by the property owners was not organized, nor were they represented by counsel before the zoning board or the city council. No witnesses were sworn nor does the record contain competent evidence bearing upon the elements which determine the allowance or denial of the permit. The record consists of minutes of meetings of the zoning board and the city council, and reflects opinions, conclusions, and correspondence of property owners and others bearing upon aesthetic considerations as well as property values. There are no findings by the zoning board. No witnesses were heard in the proceedings before the trial court. The record there consists largely of discussions between counsel and the court bearing upon issues of law.

Apparently, counsel for the petitioner and counsel for the city were satisfied that the minutes of the proceedings before the zoning board and the city council, as well as pleadings and affidavits, were adequate for the court to make its determination on the issue of whether the council had acted arbitrarily in denying the application. Accordingly, both parties moved for summary judgment on the theory that, as far as each was concerned, there was no genuine issue as to any material fact and that each was entitled to judgment as a matter of law. Rule 56, Rules of Civil Procedure. In this posture of the record, the trial court determined that the city council had arbitrarily denied the permit and granted summary judgment for plaintiff, from which the city appeals.

We think the trial court, in its memorandum, fairly reviewed the determinative facts and issues in the context of the record with which he was provided. That memorandum states in part:

"The within matter arises out of an application by the plaintiff for a special use permit for a 30 car parking facility to be located on the land described as follows:

"Lots One (1), Two (2), and Three (3), Ideal Homesites, according to the recorded plat thereof, on file and of record in the office of the Register of Deeds in and for Ramsey County, Minnesota;

"Said property is located at the intersection of Snelling and Scheffer Avenues in the City of St. Paul, and has been zoned commercial since 1924. The plaintiff desires to construct a restaurant and parking facility upon the premises which would be in full conformity with the uses permitted in such a commercial zone.

"The plaintiff applied to the City Council for a special use permit to construct and operate the parking facility, and submitted all required plans and specifications to the necessary City and State Departments. Said plans and specifications have been reviewed by all departments as required by law, and all requirements, regulations and rulings of the Minnesota Highway Department, City Traffic Engineer, City Architect, and the City Planning Director have been and will be fully complied with in all respects. The foregoing facts are admitted by the defendant in its pleadings, and in its argument before the Court.

"Reference is made to the minutes of the public hearing held before the Board of Zoning on February 19, 1970, wherein Mr. Sorenson, a member of the staff of the Planning Board of the City of St. Paul, reported that the plan of plaintiff 'Meets design standards for parking lots, and provides a 9-foot buffer area along the north lot line and a redwood fence along the alley line to the east. Access to the parking area

is to be provided by a driveway from South Snelling Avenue and one from Scheffer Avenue . . . The Traffic Engineer reviewed the plan and recommended a 26-foot driveway on Scheffer Avenue. This width driveway is now part of the plan . . . Mr. Sorenson concluded that the plan meets design standards for parking lots and the Traffic Engineer has approved the plan with the 26-foot driveway on Scheffer Avenue. The slope on the north border of the property should be sodded and planted to prevent erosion. He also noted that the residential character of the adjacent area and the adjoining properties should be protected. Property values of adjoining people must not be allowed to depreciate in case the use of this property does not secure the public health, safety, and general welfare. Further creation of a nuisance may be limited by restrictions on parking lot lighting, advertising devices, signs, evening hours of operation, and general structural design which might clash with the overall visual appearance of the area . . . To clarify another point, Mr. Sorenson said for a franchise operation, a determination has been made by the building department that if there are no car-hops, it is considered a restaurant, if there is space inside to eat. Technically, it is not a drive-in business.' At the conclusion of the hearing on said date the request for the permit was denied on the grounds that the general welfare of the neighbors would be adversely affected, and that the restaurant would not be compatible with the residential character of the neighborhood, and that this business would be a nuisance.

"On November 5, 1970, the matter once again came before the Board of Zoning for the City of St. Paul. On that occasion Mr. Rosetter of the Planning Board's staff reported that the land in question is zoned commercial but the rest of the area is zoned 'A' Residence. 'The plan meets design standards for parking lots and provides a 9-foot buffer area along the north lot line and a redwood fence along the alley line to the east. Access to the parking area is to be provided by a driveway from South Snelling Avenue and one from Scheffer Avenue. Revised plans have been received which include screen plantings between the parking lot and the garden apartment at the front of the adjacent apartment building. The Traffic Engineer reviewed the plan and recommended a 26-foot driveway on Scheffer Avenue. This width driveway is now part of the plan . . . Mr. Rosetter said there is an apartment immediately adjacent to the site and the applicant has provided adequate screening.' At said hearing the Zoning Board denied the application for a parking permit on the grounds that the residents' environmental conditions would be greatly affected. One of the members thereof indicated

that this type of restaurant should be prevented 'because of the public health and safety and the effect upon humanity.'

"A portion of said discussion, and the previous hearing on February 19, 1970, apparently concerned itself with the operation of a Red Barn Restaurant located at the intersection of Snelling and Carroll Avenues.

"Although plaintiff fully complied with all pertinent rules, regulations and requirements, the City Council on December 3, 1970, denied plaintiff's application for a special use permit for the construction of the parking facility.

"There is no issue before this Court that the land in question is zoned commercial, and is entirely suitable for the use and purpose set forth in plaintiff's application.

"There apparently was no evidence presented to the City Council to support its findings to the effect that the construction of a restaurant and parking lot on the land in question would constitute a nuisance, or would unduly interfere with the health, morals, safety or welfare of the community. It is apparent nevertheless, from the facts presented to the Court that the location of said restaurant has been opposed by a number of interested citizens who are residents of the area.

"Frequent references were made during the proceedings herein to alleged violations and problems concerned with the operation of a Red Barn Restaurant located at the intersection of Snelling and Carroll Avenues in the City of St. Paul. That matter is not before this Court, and it has little relevance in determining the legal issues which have been presented herein.

"The only real issue before the Court is whether or not, under existing laws and ordinances, the plaintiff has fully complied with all requirements. The plaintiff has so complied and should therefore be granted its application for a permit for the construction of a parking lot on its property.

"The City Council does have the authority under certain circumstances to deny a special use permit. Said denial, however, can only be based upon facts which indicate that the public health, safety or welfare would suffer should such a permit be issued. There are no facts before this Court, nor were there any presented to the City Council, which would support such a finding. No traffic survey has ever been taken, and no facts were presented relative to any possible increase in traffic or endangering of the health, safety or welfare of the public by the issuance of this permit.

"* * * Our Minnesota Supreme Court in *Golden v. City of St. Louis Park,* 266 Minn. 46, 122 N. W. 2d 570 said: 'While there should be no ob-

jection to a municipality's endeavors to apply aesthetic considerations to plans for future development, in doing so it should be aware that where such plans involve destruction or diminution of property rights or interests, just compensation therefor should be paid to the owners whose rights or interests are thus taken for the benefit of the community as a·whole.' In the instant case the action of the City Council in refusing to grant the permit application is an effective denial to the plaintiff of a lawful use of its property. The Court can find no provisions in the existing zoning ordinances of the City of St. Paul which provide for any aesthetic considerations as applied to the facts in the instant case.

"The Court can certainly sympathize with the concerns of the residents as to the aesthetic effect upon the neighborhood. Under existing laws and ordinances, however, the Court can find no authority vested in the City Council to deny a permit for the construction of a parking lot on those grounds, providing that the applicant has complied with all requirements of our existing laws and ordinances. The applicant herein has so complied, and therefore his application for a special use permit must be granted."

We are of the view that the trial court's determination is consonant with views expressed by this court to the effect that an arbitrary denial of a permit may be found when the evidence presented at the hearing before the municipal governing body and the reviewing court establishes that "the requested use is compatible with the basic use authorized within the particular zone and does not endanger the public health or safety or the general welfare of the area affected or the community as a whole." Zylka v. City of Crystal, 283 Minn. 192, 196, 167 N. W. 2d 45, 49 (1969).

Affirmed.