## MAIN REALTY, INC. v. HOWARD PAGEL.

208 N. W. 2d 758.

June 15, 1973—No. 43522.

*Eckberg, Lammers & Briggs* and *James F. Lammers,* for appellant.

*Smith, Juster, Feikema, Haskvitz & Casserly, Wyman Smith,* and *Ronald L. Haskvitz,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Schultz, JJ.

PER CURIAM.

This is a mandamus proceeding to require the building inspector of the village of Woodbury, Washington County, to issue a building permit to plaintiff for the construction of a "mini shopping center" at 3171 Lower Afton Road in the village of Woodbury. The district court granted the writ and defendant appeals. We affirm.

The permit which is sought is for the construction of a one-story building with a 100-foot front and 50-foot depth, designed to accommodate three retail stores for use as a laundry, meat market, and grocery. Preliminary oral approval was given by the defendant building inspector on September 13, 1971, when a permit fee of $153 was paid. On September 22, the permit was denied by the city council. Thereupon, plaintiff sought and secured from the district court a writ of mandamus compelling defendant to issue the permit.

On appeal, defendant advances numerous arguments for denying the permit. He contends that the property was a subdivision and that plaintiff was required to secure approval of a final plat of the subdivision before a permit would issue; that the property had to be rezoned to qualify as a shopping center district; that a plot plan must be submitted to show structures, parking, driveways, landscaping, screening, and the developer's financial responsibility; that the property in its undeveloped state was highly desirable to the village because of its landscaping and trees; that plaintiff had the burden of proving compliance with the normal setbacks and other zoning and site requirements; that the question of obstructing future street extensions had to be resolved; and that under the village's police power it had discretion to deny the permit if the public welfare, health, and safety were not properly served by issuing the permit.

With the exception of an allusion to providing for the health, welfare, and safety of the village residents, none of the reasons for denying the permit advanced on appeal were set forth in the minutes of the council meeting at which plaintiff's application was rejected. The minutes of that portion of the meeting set forth in full are as follows:

"COUNCIL MINUTES
September 22, 1971

"Pursuant to due call and notice thereof, a regular meeting was duly held at the Village Office on the 22nd day of September, 1971, at 8:00 P.M.

\* \* \* \* \*

"PETITIONS, REQUESTS, COMMUNICATIONS

"Mr. Carl Lien of Land Increment Inc. came before the Council with building site plans for a mini-shopping center at the NW Quadrant of I-494 and Co. Road 26.

"Council reviewed same with Mr. Lien, of Land Increment Inc. Moved by Mayor Bielenberg that the plans for a mini-shopping center as proposed by Land Increment Development Inc. and Main Realty be rejected on the basis of providing for the

health, welfare, and safety for the people of Woodbury; also, based on the letter of the Village Planner dated August 3, 1971, pointing out certain factors and difficulties of placing this type of business in the area and lot as proposed. Motion seconded by Councilman Strong.

"Discussion: Attorney for Main Realty and Land Increment Inc. stated that if the plans meet all requirements of the Village Zoning and Building Code, the Council cannot deny the issuance of a permit. Also the plans have been revised since the last presentation and comply with current Village Ordinances and Building Codes in all details. The Council replied that there are certain statements in the Planners' letter that make the area undesirable for this type of business, and also the Village has been in contact with the State Highway Department on upgrading the I-494 Inter-change going west. Councilman Olander stated that if the new revised plans comply with all current Village Ordinances and Building Codes, there would be no basis for rejecting by the Council. Mayor Bielenberg stated that he was concerned with the vehicle movement and pedestrian traffic crossing the I-494 over pass, mostly the children. Councilman Strong requested the motion be voted on as stated.

"Voting in favor of: Bielenberg, Farrell, Strong and Wolterstorff.

"Voting against: Olander."

Defendant raised for the first time in his answer to the petition plaintiff's noncompliance with the zoning ordinance and subdivision ordinance, the need for a plot plan, and proof of the developer's financial responsibility. The trial court found that plaintiff had submitted plans showing all the details required by the village building ordinances. It held that the village did not have discretion arbitrarily to reject an application because of the possibility of obstructing future street extensions without a more tangible showing. It further held that the village council acted arbitrarily in defining the proposed "mini shopping cen-

ter" as a shopping center which would be subject to special handling by the council.

On appeal, defendant seeks to support the council's decision by the recommendations contained in the report of the village planning consultant and by reports of the county engineer and the State Highway Department. These reports were not introduced in evidence and were not available either to the trial court or to this court. In this state of the record, we hold that the trial court was compelled to issue the writ.

Defendant justifies the refusal to issue a permit by asserting that the village is vested with discretion to determine whether it is in the interests of the health, welfare, and safety of the village. In his brief submitted to this court, defendant states:

"* * * The Zoning Ordinance § 4.10, *platting* does not prohibit the erection and maintenance of a building such as that proposed by respondent. It merely requires that one desiring to erect and maintain such structures obtain permission from the Village Council. There is nothing unconstitutional, as counsel for respondent argued in the lower court, in vesting the power to dispense or withhold such permits in the Village Council."

We do not agree that the village is vested with such sweeping authority. In recent years a number of cases have articulated the perimeters of municipal authority in granting or denying permits of this kind. In Zylka v. City of Crystal, 283 Minn. 192, 199, 167 N. W. 2d 45, 51 (1969), we alluded to "the danger of permitting the council to deny a special-use permit without contemporaneous findings or reasons and then permit its members after several months of thought to present reasons perhaps totally unrelated to the actual reasons for denying the permit." Where the requested use is consistent with those authorized by the zoning ordinance, the permit may not be denied unless there is a showing that the public health, safety, or welfare is in danger. Twin City Red Barn, Inc. v. City of St. Paul, 291 Minn. 548, 192 N. W. 2d 189 (1971). We have held that the failure of the council

to record contemporaneously a legally sufficient basis for its determination constitutes a prima facie showing of arbitrariness. Inland Const. Co. v. City of Bloomington, 292 Minn. 374, 392, 195 N. W. 2d 558, 569 (1972).

We are not impressed by the vague references in the council minutes to the "health, welfare, and safety for the people of Woodbury" as justification for denying the permit without an articulation by the council of the factual basis and reasons for that determination. Enright v. City of Bloomington, 295 Minn. 186, 191, 203 N. W. 2d 396, 399 (1973) ; Hay v. Township of Grow, 296 Minn. 1, 206 N. W. 2d 19 (1973). On the record submitted to the trial court and to this court, we hold that the village was obliged to issue the permit.

Affirmed.