## DAVID J. PAAL v. VILLAGE OF WELLS.

232 N. W. 2d 808.

August 29, 1975—No. 45234.

---

*Patrick V. Hart,* for appellant.

*Joseph R. Gadola,* for respondent.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from an order of the Faribault County District Court denying plaintiff's motion for amended findings of fact, conclusions of law, and order for judgment or, in the alternative, for a new trial, and from the judgment entered in favor of defendant. We affirm.

In October 1968, plaintiff, David J. Paal, applied for a permit from defendant, the village of Wells, to place a mobile home and to construct a permanent double-garage upon two adjoining lots in the residential district of the village. The application for a permit was made in compliance with Ordinance No. 122 which regulates the issuance of permits for building placement within the village limits. A permit was issued limiting the location of the mobile home upon the property to a period not to exceed 5 years. Plaintiff purchased the lots the same day the permit was issued.

Written notice was sent to plaintiff in October 1972, informing him that 1 year remained of the period for which the permit allowed the mobile home to be located on plaintiff's lots. On

August 7, 1973, plaintiff attended a village council meeting and orally requested an extension of the permit. The council, after deliberations, denied the request without stating the reasons for the denial.

Plaintiff commenced this action for declaratory judgment, asserting that Ordinance No. 122 is unconstitutional and that the council's action in denying the extension request was arbitrary and capricious. Such contentions present the focal issues upon this appeal.

■ The constitutional challenge to Ordinance No. 122 centers on the assertion that it is both vague and indefinite, lacking ascertainable standards which the council might apply in deciding to grant or deny permit applications. Section 7 of the ordinance provides:

"It shall be unlawful for any person, firm or corporation to dwell in a trailer house in said village upon privately owned property brought thereon after the passage of this act, for a longer period than three days whether said trailer house remain on a chassis or be removed therefrom, without first making application as herein provided for dwellings and commercial buildings and obtaining a permit so to do and thereafter be governed by such regulations as said governing body may make relative thereto."

The ordinance not only explicitly establishes the conditions under which a permit is required, but also incorporates by reference more comprehensive regulations. Of particular relevance is the fact that although plaintiff claims the ordinance is vague, at trial he admitted that he understood its requirements. There is therefore no clear showing of vagueness to overcome the presumption of validity. City of St. Paul v. Kekedakis, 293 Minn. 334, 199 N. W. 2d 151 (1972); State v. Larson, 292 Minn. 350, 195 N. W. 2d 180 (1972).

With regard to the contention that ascertainable standards upon which the council may base its decision are lacking, we con-

clude that although the ordinance provides no express guidelines for, or limitations upon, the exercise of the enumerated powers, there are implied limitations and standards which control. Accepted common-law standards designed to promote the public health, safety, and welfare are directly applicable here. Zylka v. City of Crystal, 283 Minn. 192, 167 N. W. 2d 45 (1969); Twin City Red Barn, Inc. v. City of St. Paul, 291 Minn. 548, 192 N. W. 2d 189 (1971). Therefore, the ordinance is not unconstitutional for lack of ascertainable standards when construed with the implied standards discussed herein.

■ Plaintiff next alleges that the village council acted arbitrarily and capriciously in denying the permit extension when it failed to set forth the bases for its denial. Sections 3, 4, and 5 of Ordinance No. 122 empower the council to impose restrictions upon all permits issued, thus exemplifying the degree of control exercised by the council when granting, denying, or altering permit applications.

As evidenced in the record, the particular permit issued to plaintiff was restricted to a maximum duration of 5 years during which the mobile home could be located and maintained upon plaintiff's property. Such time limitation is clearly in the nature of a contract with the village for the permitted use and, as such, automatically terminates at the expiration of the contract period.

It is, in addition, clear that permit extensions are not within the purview of Ordinance No. 122, and that therefore the plaintiff has no protected property right to the requested extension. Under such circumstances it is unnecessary for the council to relate the specific reasons upon which it based its decision of nonrenewal.

Since the ordinance requirements governing initial permit applications are not determinative of requests for permit extensions, we hold that the failure of the village council to state the bases for its denial was not arbitrary.

The order and judgment are in all respects affirmed.

Affirmed.