**CITY OF BEMIDJI, Respondent,**

v.

**Gloria BEIGHLEY, Appellant.**

**No. C9-87-330.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Alfred P. Zdrazil, City Atty., Bemidji, for respondent.

Gary M. Hazelton, Bemidji, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant Gloria Beighley was found guilty of violating Bemidji City Code § 13.10, subd. 30, which requires the minimum width of all residential structures to be at least 20 feet across the narrowest portion. On appeal, Beighley claims that Bemidji City Code § 13.10, subd. 30, unconstitutionally discriminates by excluding single wide mobile homes from Bemidji city limits. We affirm.

## FACTS

The parties have stipulated to the facts. Respondent, City of Bemidji, is a home rule charter municipality organized and existing under the laws of the State of Minnesota and has adopted permanent zoning and land use regulations pursuant to Minn.Stat. §§ 462.351–.365 (1982). Bemidji City Code § 13.10, subd. 30, which has been in effect at all times material to this matter, provides:

> **Minimum house width.** The minimum width of the main portion of a residential structure shall be not less than 20 feet as measured across the narrowest portion.

Appellant Beighley owns property in the City of Bemidji. In 1985, Beighley's daughter moved a 16′ × 30′ mobile home onto Beighley's property. On October 29, 1985, Beighley received a notice from the Bemidji building and zoning technician stating that her daughter's mobile home was not allowed on that location without a special permit. Mobile homes are only allowed in residential zones within the City of Bemidji if a special use permit, pursuant to Bemidji City Code § 13.25, is obtained.

On November 25, 1985, Beighley appeared before the planning commission to request a special use permit. The planning commission granted Beighley a permit on the condition that she remove the mobile home by July 1, 1986. The commission granted the special use permit because the mobile home was already in place and it would have been a hardship to move the mobile home during the winter. On December 2, 1985, the city council approved a temporary permit, subject to the same condition. To date, the mobile home has not been removed from Beighley's property.

The 20′ width requirement for residential structures was added to the Bemidji City Code by Emergency Ordinance # 641, on September 21, 1982. On September 27, 1982, the emergency ordinance was published in the *Bemidji Pioneer* and referred to the Bemidji City Planning Commission. At that time, the planning commission decided to look into the matter further. However, it subsequently failed to do so. Emergency Ordinance # 641 was repealed and replaced by Ordinance # 648 on November 15, 1982. Ordinance # 648 was published in the *Bemidji Pioneer* on November 22, 1982, and became effective December 12, 1982.

In May 1983, the City of Bemidji codified all of its ordinances into the Bemidji City Code. Ordinance # 648 was codified in the Bemidji City Code at § 13.10, subd. 30. On May 16 and 23, 1983, an advertisement was published in the *Bemidji Pioneer* notifying the public that the Bemidji City Code was available for purchase or review.

### ISSUES

1. Did the trial court err by concluding that the City of Bemidji may validly preclude residential structures which do not comply with the minimum width requirement of Bemidji City Code § 13.10, subd. 30?

2. Did the trial court err by concluding that Bemidji City Code § 13.10, subd. 30, is constitutionally valid?

### ANALYSIS

#### I.

*Minimum Width Requirement*

We must first decide whether the City of Bemidji has the authority to regulate the width of residential structures. We find that it does. Minn.Stat. § 462.357, subd. 1 (1982) expressly grants municipalities the authority to regulate, by ordinance, the width of buildings:

**Authority for zoning.** For the purpose of promoting the public health, safety, morals and general welfare, a municipality may by ordinance regulate the location, height, width, bulk, type of foundation, number of stories, size of buildings * * *. No regulation may prohibit * * * manufactured homes built in conformance with sections 327.31 to 327.35 that comply with all other zoning ordinances promulgated pursuant to this section.

Having found that the City of Bemidji had authority to regulate the width of residential structures if the restriction is based on a proper purpose, we must now decide whether Bemidji City Code § 13.10, subd. 30, is based on a constitutionally proper purpose. To successfully attack the constitutionality of the Bemidji zoning ordinance, Beighley must prove that the ordinance is clearly arbitrary, discriminatory, unreasonable and without substantial relation to public health, safety, morals or general welfare. *Naegele Outdoor Advertising Co. v. Village of Minnetonka*, 281 Minn. 492, 494, 162 N.W.2d 206, 209 (1968) (citation omitted).

In this case, general welfare is the stated proper purpose. Interpretation of the phrase "general welfare" within the context of legitimate objectives of zoning has been the topic of discussion in numerous courts across the country. *See* 1 R. Anderson, *American Law of Zoning* § 7.13 (3d ed. 1986). Historically, courts have hesitated to allow cities to base their zoning regulations on aethestic considerations alone. *See Naegele*, 281 Minn. 492, 162 N.W.2d 206. Instead, courts have struggled to find other legitimate purposes to uphold zoning ordinances. Protection of

property values has been judicially recognized as a proper purpose of promoting the general welfare. *Twin City Red Barn, Inc. v. City of St. Paul,* 291 Minn. 548, 550, 192 N.W.2d 189, 191 (1971) (property values of adjoining owners must not be allowed to depreciate in case the use of the property does not secure the public health, safety and general welfare).

Beighley contends that while Ordinance # 648 is not facially discriminatory, it has a purely discriminatory effect because it excludes single wide mobile homes from the Bemidji city limits. The City of Bemidji has not, however, excluded single wide mobile homes in residential zones within city limits solely because they are mobile homes. First, restriction based on width is allowed by Minn.Stat. § 462.357, subd. 1. Second, the Minnesota Supreme Court has held that "while trailer homes cannot be completely banned from a municipality, they may be restricted to established trailer camps." *State v. Larson,* 292 Minn. 350, 357, 195 N.W.2d 180, 184 (1972). Third, mobile homes are allowed in residential zones if a special use permit is obtained. Bemidji City Code § 13.25 (1982) provides:

Subd. 1. General statement. Certain uses of property, while generally not applicable in a particular zoning district, may, under some circumstances, be allowable. When such circumstances exist, a special use permit may be granted. * * *

Subd. 3. I. "R–1" Districts Only. Dwelling units commonly known as "mobile homes" provided the following conditions are met:

1. The unit is permanently attached to a permanent, concrete foundation and any wheels or other means of transporting the unit are completely removed.

2. The person applying for the Special Use Permit must own the land upon which the unit is to be located and occupy it as his homestead. Abandonment of the unit as homestead shall automatically terminate the special use.

3. The unit must meet the City and State fire, health, and building code requirements and regulations.

4. All other terms and conditions of R–1 zoning requirements under this Chapter be met.

5. The minimum floor area of each unit shall not be less than 670 square feet.

6. The person applying for the Special Use Permit must agree to apply for a building permit before removing the dwelling from its foundation.

Minn.Stat. § 462.357, subd. 1, specifically grants municipalities the authority to regulate the width of residential structures if the zoning ordinance is based on a proper purpose. Protection of property values is a proper purpose. *Twin City Red Barn, Inc.,* 291 Minn. 548, 192 N.W.2d 189. Thus, we find that the trial court did not err by ruling the City of Bemidji may validly preclude residential structures which do not comply with the minimum width requirement of Bemidji City Code § 13.10, subd. 30.

**II.**

*Constitutionality of Bemidji City Code § 13.10, subd. 30*

Minn.Stat. § 462.357, subds. 3 and 4, require that notice be given, a public hearing be held, and the proposed zoning ordinance be referred to the planning commission before it can be passed. The due process requirements of Minn.Stat. § 462.357 should be excused with extreme reluctance and only in an unusual case. *County of Ramsey v. Stevens,* 283 N.W.2d 918, 925–26 (Minn. 1979).

Beighley argues that, contrary to the mandates of Minn.Stat. § 462.357, subds. 3 and 4, no public hearing was held and no public notice was given for either emergency Ordinance # 641, passed on September 20, 1982, or its successor, Ordinance # 648, passed after three readings at regularly scheduled city council meetings on October 18, November 1, and November 15, 1982.

■ Regularly scheduled city council meetings do not satisfy the public hearing

requirement of Minn.Stat. § 462.357, subd. 3, unless they are noticed as such and conducted so the public has a right to speak on the noticed ordinance. *Pilgrim v. City of Winona*, 256 N.W.2d 266, 270 (Minn. 1977). In *Pilgrim*, no notice was given and no public hearing was held. *Id.* Under those circumstances, the *Pilgrim* court found that the requirements of Minn. Stat. § 462.357, subd. 3 were not satisfied, even under the "bona fide attempt" provision. *Id.* Here, as in *Pilgrim*, no notice was given and no public hearing was held. As a result, it is clear that Ordinance # 648 cannot be saved by the "bona fide attempt" provision of Minn.Stat. § 462.357, subd. 3.

■ With regard to the requirement of Minn.Stat. § 462.357, subd. 4, Ordinance # 648 was submitted to the planning commission. However, the Bemidji City Council did not wait for either a planning commission report or until the elapse of 60 days from the date the amendment was submitted to the commission before it acted on the ordinance. As a result, the trial court properly found that Bemidji City Code § 13.10, subd. 30 was not adopted under the proper statutory procedures set forth in Minn.Stat. § 462.357, subds. 3 and 4.

Despite the Bemidji City Council's failure to follow the prescribed statutory procedures set forth in Minn.Stat. § 462.357, subds. 3 and 4, the trial court found that the validity of Bemidji City Code § 13.10, subd. 30, was saved by Minn.Stat. § 599.13 (1982), which provides:

> Copies of the ordinances, bylaws, resolutions, and regulations of any city or county, certified by the mayor or president of the council, and the clerk thereof, under its seal or by the county auditor or chairman of the county board, and copies of the same printed in any newspaper, book, pamphlet, or other form, and which purport to be published by authority of the council of such city or county board, shall be prima facie evidence thereof and, after three years from the compilation and publication of any such book or pamphlet, shall be conclusive proof of

the regularity of their adoption and publication.

The trial court found that when Ordinance # 648 was codified, June 1, 1983, it became prima facie valid and on June 1, 1986, three years from the date it was compiled in book form in the Bemidji City Code, Ordinance # 648 became conclusively valid.

Beighley claims that the trial court erred by concluding that Ordinance # 648 is constitutionally valid. She argues that the Bemidji City Council's failure to .comply with the procedural requirements of Minn. Stat. § 462.357, subds. 3 and 4, was intentional and, therefore, Minn.Stat. § 599.13 cannot be relied on to cure the procedural defects in the passage of Ordinance # 648. Beighley claims that the city's failure to give notice and hold a public hearing is such a total lack of substantive consideration that the effect of Minn.Stat. § 599.13 should be nullified.

Ordinance # 648 was, however, given three readings before the city council; it was published in the *Bemidji Pioneer* on November 22, 1982, it was codified in the Bemidji City Code; and the availability of the Bemidji City Code was published in *Bemidji Pioneer* on May 16 and May 23, 1983.

■ The Bemidji City Code was available to the public for more than three years prior to Beighley's offense.˙ Beighley argues lack of notice. We acknowledge that the average citizen probably does not read the Bemidji City Code line by line. Here, however, Beighley was personally notified by the City of Bemidji that her daughter's mobile home was not allowed on her lot without a special use permit. Beighley acknowledged receipt of that notice by appearing before the planning commission to request a special use permit. Beighley was granted a temporary permit on the condition that she remove the mobile home by July 1, 1986. Consequently, we find that Beighley's claim of lack of notice does not mandate reversal.

Finally, Beighley argues that codification of the ordinance within the Bemidji City Code, which is merely on file at city hall, does not satisfy Minn.Stat. § 599.13. As

support for her argument, she cites *Pilgrim v. City of Winona*, 256 N.W.2d 266. *Pilgrim* is distinguishable from this case because the *Pilgrim* ordinance was not published in a book, but only in a zoning map. *Id.* The *Pilgrim* court found that a zoning map does not constitute a "book or other form" under Minn.Stat. § 599.13. *Id.* at 270. Publication in the zoning map made the *Pilgrim* ordinance prima facie valid, but the *Pilgrim* ordinance could not become conclusively valid because it was not available in permanent form for public circulation. *Id.* at 269.

Here, Ordinance #648 became "available in permanent form for public circulation" when the notice which advertised the public availability of the Bemidji City Code was published in the *Bemidji Pioneer* on May 16, 1983.

We find that the requirements of Minn. Stat. § 599.13 have been satisfied. Ordinance #648 became conclusively valid on May 16, 1986, two months prior to appellant's offense. Once the ordinance became conclusively valid, the procedural defect in the notice requirement did not render the ordinance void.

### DECISION

The City of Bemidji has the authority to regulate the width of residential structures if the zoning ordinance is based on a proper purpose. Minn.Stat. § 462.357, subd. 1. Protection of property values is a proper purpose. As a result, the trial court properly concluded that the City of Bemidji may validly preclude residential structures which do not comply with the minimum width requirement of Bemidji City Code § 13.10, subd. 30. We also find that application of Minn.Stat. § 599.13 renders Bemidji City Code § 13.10, subd. 30 constitutionally valid.

Affirmed.