COUNTY OF WRIGHT, Respondent,

v.

Marjorie L. KENNEDY, Defendant and third-party Plaintiff, Appellant,

v.

COUNTY OF WRIGHT and Tom Salkowski, in his capacity as Planning and Zoning Administrator of the County of Wright, third-party Defendants, Respondents.

No. C1–87–1262.

Court of Appeals of Minnesota.

Dec. 1, 1987.

William MacPhail, Wright Co. Atty., Thomas N. Kelly, Asst. Co. Atty., Buffalo, for respondent.

John F. Bonner, III, Thomas M. Jenkins, Bonner Law Offices, Minneapolis, for defendant and third-party plaintiff, appellant.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

PARKER, Judge.

Marjorie Kennedy appeals from the trial court's judgment and from denial of her motion for a new trial. Kennedy received approval in late November and early December 1981 of emergency and temporary-use permits to place a manufactured home on her property in rural Wright County after a fire destroyed the original farm residence. In December 1985 Wright County sought an injunction for removal of the home, after the temporary permit expired. Kennedy responded with a counterclaim and third-party complaint alleging that enforcement of Wright County's zoning ordinance would constitute a deprivation of her property without due process, that the ordinances were not enacted within the county's proper police powers, that the zoning ordinances violate Minn.Stat. § 394.25, subd. 3, and that the county's actions constitute separate violations of 42 U.S.C. §§ 1983 and 1985, entitling Kennedy to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

The trial court held that Kennedy was in violation of the temporary-use permit, that enforcement of the permit did not deprive her of due process or equal protection of the law and that Kennedy failed to support her claims that the ordinance was unreasonable, invalid or otherwise unconstitutional. Judgment was entered for Wright County. The trial court denied Kennedy's subsequent motion for amendment of the judgment or a new trial. We affirm in part and reverse in part.

## FACTS

Marjorie Kennedy owns 80 acres of farm land located in a zoning district designated A–2, general agricultural use, in rural Wright County. Kennedy placed a mobile home on the property in November 1981, after the original site-built farm house was destroyed by fire. The mobile home is 14 feet wide and 70 feet long and has a flat roof.

At that time, Wright County zoning ordinances listed farmstead residences as a permissible use, while mobile homes were listed as a conditional use when utilized as an accessory to the primary residence. "Farmstead residences" were not defined under the 1981 ordinance. Acting on the instructions of Tom Salkowski, Wright County planning and zoning administrator, Kennedy applied for and received both an emergency and temporary-use permit to install the mobile home on the farm site.

After Kennedy received the temporary-use permit and placed the mobile home on the property, Wright County changed its zoning ordinance, omitting any reference to "farmstead" residences. It thereafter allowed one single-family dwelling per farm on property zoned A–2, general agriculture. "Single family dwelling" was explicitly defined in the ordinance to exclude mobile homes.

Effective August 1, 1982, the Minnesota legislature amended the county enabling statute to provide that county zoning laws may not prohibit manufactured homes built in conformance with Minn.Stat. §§ 327.-31–.35 and which comply with all other zoning ordinances. Minn.Stat. § 394.25, subd. 3 (1982). The Kennedy mobile home is a manufactured home built in conformance with these statutes and bears a seal authorized by HUD and the State of Minnesota.

In 1985 Wright county amended its zoning ordinances to comply with the legislative changes. The county adopted the statutory definition of manufactured housing, but divided manufactured housing into two classes for zoning purposes. County ordinance defined manufactured housing as

[a] structure manufactured in accord with the Manufactured Home Building Code as defined in Minnesota Statute § 327.31, subd. 3 and meeting the definition of Minnesota Statute § 327.31, subd. 6. For the purpose of this ordinance, manufactured homes which comply with the standards listed in § 740 of this ordinance shall be considered to be Single Family Dwellings.

Wright County, Minnesota, Ordinance § 302(73) (1985).

The standards listed in Wright County ordinances § 740 material to this appeal are:

  *  *  *  *  *  *

6. The minimum widths of the structure shall be 24 feet measured from face of exterior wall.

7. There shall be a minimum 3:12 roof pitch with a minimum 12 inch soffit.

Wright County, Minnesota, Ordinance § 740 (1985).

"Mobile home" is defined in Wright County ordinances as any manufactured home which does not comply with the minimum standards of section 740:

For purposes of this ordinance, a mobile home shall be any Manufactured Home, as defined above, which does not meet the standards in Section 740. Mobile Homes to be used for residential purposes must have a minimum floor area of 800 square feet on the main floor. Structures which do not meet these minimum standards shall not be permitted for residential purposes.

Wright County, Minnesota, Ordinance § 302(76) (1985).

Because the Kennedy home does not meet two of the standards required by section 740—minimum width and minimum roof pitch—it is not considered by Wright County ordinances to be a single-family dwelling permitted for use on property zoned A–2, general agricultural.

## ISSUES

1. Is Marjorie Kennedy in violation of the temporary-use permit issued to her for placement of a mobile home on her property?

2. Are Wright county zoning ordinances §§ 302(73), 302(76), and 740 invalid because contradictory with Minnesota Statutes?

3. Do Wright County zoning ordinances violate the due process and equal protection requirements of the Minnesota or federal constitution?

4. Do the actions of Wright County and Thomas Salkowski constitute a violation of 42 U.S.C. §§ 1983 and 1985, entitling Marjorie Kennedy to reasonable attorney's fees pursuant to 42 U.S.C. § 1988?

## DISCUSSION

### I

■ Wright county argues that because Kennedy was initially issued a temporary-use permit for placement of a mobile home on her property and the permit has expired, she is in violation of Wright County zoning ordinances. There is a question of whether Kennedy was required by the existing county ordinances to procure a temporary-use permit at the time she moved the mobile home onto her property. Amendments to Wright County ordinances which prohibited mobile homes as primary residences without a special use permit were not enacted until after she placed the mobile home on her property. The mere fact that Kennedy was informed by Wright County officials at the time that a temporary use permit was required or that Kennedy acknowledged at the time of placement of the home that it was temporary is not dispositive.

Rules governing the construction of statutes are also applicable to the construction of ordinances. *State v. Simonsen,* 252 Minn. 315, 328, 89 N.W.2d 910, 918 (1958). Terms used in an ordinance should be construed according to the normal rules of grammar and given their common-sense usage. *In re Phillips' Trust,* 252 Minn. 301, 306, 90 N.W.2d 522, 527 (1958). Wright County zoning ordinances at the time Kennedy moved the mobile home onto her property included "farmstead residences" as a permissible use on all property classified in

the general agricultural (A–2) zone. Wright County, Minnesota, Ordinance § 604.2 (1978). No specific definition of "farmstead residence" was included in the county zoning ordinances. Another section of the then-existing zoning ordinances listed mobile homes as a "conditional use" when used as an "accessory" to a farm. Wright County, Minnesota, Ordinance § 604.4 (1978).

Wright County argues that because mobile homes were specifically listed as an accessory use to a farm, it cannot be argued that the drafters of the county ordinance intended to allow mobile homes as farmstead residences. We disagree. Although a conditional use permit was required when a mobile home was to be used as an accessory to the primary residence, the ordinance does not specifically preclude the use of a mobile home when used as the primary residence. It was not until after Kennedy placed the mobile home on her property that this ordinance was amended to prohibit such use without a special use permit. Because the Kennedy mobile home replaced the original farmstead residence, the mobile home became the only "farmstead residence" on the Kennedy property and was an allowed use without a permit under the county zoning ordinance.

## II

■ Kennedy argues that Wright County's zoning ordinances discriminate against manufactured homes in direct violation of Minnesota statutes:

> No [zoning ordinance] provision may prohibit * * * manufactured homes built in conformance with sections 327.31 to 327.35 that comply with all other zoning ordinances promulgated pursuant to this section.

Minn.Stat. § 394.25, subd. 3 (1985). In passing this legislation, the legislature intended to prohibit discrimination against any type of housing solely because of it having been manufactured. *See* 59a–32 Op. Att'y Gen. (Nov. 10, 1982). The statute requires that site-constructed homes and manufactured homes be treated identically. Zoning controls enacted by any legislative body must apply equally to manufactured and site-built homes. If a county wants to regulate characteristics such as the width of homes, it must regulate the width of all homes.

Wright County's refinement of the legislature's definition of manufactured homes by creating a sub-class of "mobile" homes discriminates on a basis not found in the statute, because the restrictions found in Wright County ordinance § 740 apply only to manufactured homes and not to site-built homes. Therefore, section 740 is in conflict with the state statutes. This conclusion is supported by Thomas Salkowski's testimony that Wright County allows construction and placement of homes that are less than 24 feet wide, that have flat roofs, and that have metal siding wider than 12 inches, if the home is constructed on-site and not in a factory. An ordinance is invalid if it contains expressed or implied terms that are irreconcilable with a Minnesota statute. *Mangold Midwest Co. v. Village of Richfield*, 274 Minn. 347, 350–52, 143 N.W.2d 813, 816–17 (1966). A conflict exists when the ordinance forbids what the statute expressly permits. *Id.* at 352, 143 N.W.2d at 816–17. Consequently, Wright County's zoning ordinance is invalid as written.

Kennedy similarly raises as an issue Wright County's purported failure to observe their own criteria, established by ordinance § 504.04, for amendment of ordinances. Because of the foregoing disposition, we do not address this question.

## III

■ Kennedy also argues that Wright County's zoning ordinances are unconstitutional in that they violate the equal protection clauses of both the state and federal constitutions and that certain requirements, such as the 24–foot width and 3:12 roof pitch, are chosen arbitrarily and capriciously. Zoning ordinances affecting interests in real property are authorized only by virtue of legitimate exercise of police power. Zoning classifications will be sustained if rationally related to a legitimate purpose. *In Re Harhut*, 385 N.W.2d 305, 310–11

(Minn.1986). Because mobile home owners are not members of a suspect class, minimum scrutiny is required in a two-tier analysis to determine (1) whether the ordinance has a legitimate purpose, and (2) whether it was reasonable for the county to believe that the use of the classification would promote that purpose. *Id.* at 311. The standard of review in zoning matters is whether the local authority's action is reasonable. *VanLandschoot v. City of Mendota Heights*, 336 N.W.2d 503, 508 (Minn. 1983); *Castle Design & Development Co., Inc. v. City of Lake Elmo*, 396 N.W.2d 578, 580 (Minn.Ct.App.1986). The supreme court defined reasonableness in *VanLandschoot* as follows:

> We examine the municipality's action to ascertain whether it was arbitrary and capricious, or whether the reasons assigned by the governing body do not have "the slightest validity" or bearing on the general welfare of the immediate area, * * * or whether the reasons given by the body were legally sufficient and had a factual basis.

*VanLandschoot*, 336 N.W.2d at 508.

Wright County argues that its zoning regulations are designed to protect the general welfare of the county by protecting its property values. Historically, courts have been reluctant to allow governing authorities to base zoning ordinances on esthetic considerations. *City of Bemidji v. Beighley*, 410 N.W.2d 338, 340 (Minn.Ct.App. 1987) (citing *Naegele Outdoor Advertising Co. v. Village of Minnetonka*, 281 Minn. 492, 162 N.W.2d 206 (1968)). However, protection of property values has been judicially recognized as a proper purpose in promoting the general welfare. *Twin City Red Barn, Inc. v. City of St. Paul*, 291 Minn. 548, 550, 192 N.W.2d 189, 191 (1971).

Kennedy argues that Wright County has not proved that a 24-foot width requirement for a residential structure or a 3:12 roof pitch is related to achievement of the statutory purpose. However, the burden of proof that Wright County's zoning ordinances are unconstitutional is on Kennedy, not Wright County. *State, By Rochester Association of Neighborhoods v. City of Rochester*, 268 N.W.2d 885, 888 (Minn. 1978) (zoning upheld unless opponents prove classification unsupported by any rational basis). Kennedy has failed to show that Wright County's zoning regulations are totally unrelated to the county's avowed purpose of protecting its property values.

Kennedy also argues that Wright County's zoning ordinance results in an unconstitutional taking of her property. To prevail on this claim she must show that she has been deprived by the zoning ordinance of all reasonable uses of her land. *Hubbard Broadcasting, Inc. v. City of Afton*, 323 N.W.2d 757, 766 (Minn.1982) (regulation by zoning does not constitute compensable taking unless it deprives property of all reasonable uses); *McShane v. City of Faribault*, 292 N.W.2d 253, 257 (Minn. 1980). Kennedy has not shown that Wright county's zoning ordinance, while requiring certain restrictions on width and roof pitch, deprives her of all alternate uses of her property.

### IV

■ Kennedy also alleges a conspiracy between Tom Salkowski and the Wright County Board of Commissioners with intent to deprive her of her constitutional rights in violation of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1983, entitling her to reasonable attorney's fees pursuant to 42 U.S. C. § 1988. We do not find a deprivation of constitutional rights necessary for the application of 42 U.S.C. §§ 1983 and 1985. Although we hold that Wright County's zoning ordinances are discriminatory and in violation of Minnesota statutes, we do not find a conspiracy by the county to deprive Kennedy of her constitutional rights. "Rights which derive solely from state law * * * cannot be the subject of a claim for relief under 42 U.S.C. § 1983 [or § 1985]". *L.K., et al. v. William Gregg, in his capacity as Commissioner of Veterans Affairs*, 413 N.W.2d 833 (Minn.Ct.App.1987) (quoting *Missouri ex rel. Gore v. Wochner*, 620 F.2d 183, 185 (8th Cir.1980)). In this case the violation of Minnesota law does not give rise to a claim by Kennedy for attorney's fees under 42 U.S.C. § 1988.

## DECISION

Appellant is not in violation of a temporary-use permit issued to her for placement of a manufactured home on her property, because a permit was not then required by the applicable county ordinance. Wright County Ordinances §§ 302(73), 302(76) and 740 (1985) are invalid because they are contradictory to Minnesota statutes. Because Wright County zoning ordinances do not violate appellant's constitutional rights, she does not have a claim for attorney's fees under 42 U.S.C. § 1988.

Affirmed in part and reversed in part.